IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARLON MARTIN, #225145, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-573-MHT |
| PRISON HEALTH SERVICES, INC., | ) |
| Defendant, | ) |

## SPECIAL REPORT

COME NOW the Defendants, designated as Prison Health Services, and in response to this Court's Order requiring the Defendants to file a Special Report, state as follows:

As directed, Prison Health Services has undertaken a review of the complaint filed by the Plaintiff to determine the facts and circumstances relevant to the claims, and after such review is submitting this Special Report. Prison Health Services also relies upon the medical records for the Plaintiff, as well as the affidavit of Dr. Paul Corbier, which is simultaneously filed with the Court.

The Defendant asserts the following:

    a.    The complaint fails to state a claim upon which relief can be granted.

    b.    Defendant denies that the plaintiff is entitled to relief under 42 U.S.C. 1983.

    c.    The Defendant pleads immunity, including, but not limited to, qualified, absolute, discretionary function, and state agency.

    d.    The Defendant pleads the defense of qualified immunity. It is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated a clearly established constitutional right.

    e.      The Defendant asserts that the Plaintiff is barred from seeking punitive damages against the Defendant in its official capacity.

    f.      The Defendant denies that it is responsible for the policies and procedures of the Alabama Department of Corrections.

    g.      Some of the Plaintiff's claims may be barred by the applicable statute of limitations.

## FACTUAL REPORT

Prison Health Services is in charge of the medical treatment administered to prisoners at Staton Correctional Facility. Prison Health Services has a physician in the prison who is in charge of the treatment of inmates, just like a physician is in private practice. One of the physicians who treated the plaintiff was Dr. Paul Corbier. An affidavit of Dr. Corbier is attached hereto.

The staff at Prison Health Services has a medical file on each inmate, which contains all of the medical records on the inmate. The inmates seek medical treatment by coming to sick call. Sick call is held every day. If an inmate comes to sick call, a record is made of his complaint and it is placed in his medical file. The nurse who sees the inmate may treat him, or if the nursing assessment reveals the inmate needs a physician, he/she will arrange for him to see the physician. If the physician does not see the inmate, the physician reviews the treatment that was rendered to make certain that it was appropriate. The physicians place their progress notes in the file. When the physician refers the inmate to outside physicians for surgery or specialist care, the records of the referral and the records of the specialist are placed in the medical file.

This medical file indicates that Marlon Martin was seen at Baptist Medical Center on September 15, 2004 for surgical repair of a right knee ACL tear. Following the surgery, Mr. Martin was given a bottom bunk profile and crutches to use for two weeks. He was seen for a follow-up

visit on September 20, 2004, and was noted to be in stable condition.

On January 4, 2005, Mr. Martin completed a Sick Call Request, at which time he complained of blurred vision in his right eye. Our medical records indicate that on January 11, 2005, Mr. Martin was referred by Dr. Winfred Williams to Dr. Bradford for an ophthalmology evaluation. Mr. Martin saw Dr. Bradford on January 28, 2005. He was again seen for eye complications on April 22, 2005.

On February 25, 2006, Mr. Martin completed a Sick Call Request, at which time he complained that his lower back and arms were stiff, and requested that he be given muscle relaxers. He was instructed to take hot showers to relieve the muscle stiffness, and was referred to HCU for review. The records indicate that Mr. Martin was given prescriptions for Naprosyn, medication used to treat muscle aches, on March 2, 2006 and again on March 18, 2006. On March 28, 2006, Mr. Martin completed another Sick Call Request, this time complaining that the Naprosyn was not working, and requested a different medication for his muscle stiffness. On April 18, 2006, he was taken off Naprosyn and put on Baclofen, which is used to treat muscle tightness and cramping.

On April 24, 2006, Mr. Martin was seen complaining that Baclofen made him lightheaded, and requested a different medication. The records indicate that on April 26, 2006, his prescription for Baclofen was discontinued. May 25, 2006, he was prescribed a muscle relaxer known as Robaxin, and was allowed to purchase a pair of state-issued tennis shoes. On June 29, 2006, he was also given a double portion diet for 365 days.

Prison Health Services has sick call every morning for all prisoners. If an inmate misses sick call, they have an emergency body count for non-scheduled events. For example, if a inmate misses sick call, and complains to the warden or guard that he is sick, they see him in the infirmary under the emergency body count procedure. If an inmate is injured in a fight they see him under the emergency body count procedure.

Even when the facility physician does not see the inmate, he reviews the entries made by the nurse to make certain that the treatment was appropriate and to decide if any other treatment is needed. A review of the records revealed that the Plaintiff has always received prompt treatment when he requested it. Those involved in the treatment always followed the physician's orders. The Plaintiff has never suffered from any untreated condition. Assessment and treatment rendered were always reviewed by physicians.

The Affidavit of Dr. Paul Corbier confirms that Prison Health Services and the other employees took the complaints of the Plaintiff seriously. Dr. Corbier confirms that physicians and staff at Prison Health Services gave the Plaintiff appropriate medications for his condition. Moreover, Dr. Corbier confirms that the medical services by the employees of Prison Health Services met the standard of care.

The health care providers have attested that they are familiar with the standard of care to be provided by health care officials, and the treatment provided to the Plaintiff met that standard of care.

## ARGUMENT

The Plaintiff, in order to state an appropriate claim for violation of the Eighth Amendment, must allege that the Defendant acted or failed to act with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 49 L.Ed.2d 859 (1976); *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999); *Hill v. DeKalb Regional Young Detention Center*, 40 F.3d 1176 (11th Cir. 1994). Moreover, the plaintiff must be able to show that the defendant is not entitled to qualified immunity.

The Constitution specifically prohibits suits against "the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," has long been held to apply "equally to suits against a state brought in federal court by citizens of that state." *Harbert Int'l. Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998). "The state need not be formally named as a defendant for the

amendment to apply; state officials sued in their official capacity are also protected by the amendment. *Id*. [citing *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 3105-06, 87 L.Ed.2d 114 (1985)].

The Defendant concedes that it is not a state agency. However, the Defendant contracted with the State to provide medical care at state prisons. An entity that "contracts with a state to perform a function traditionally within the province of the state government, including the provision of medical services to state inmates," is "treated as a government entity and as a person acting under color of state law within the meaning of Section 1983." *Edwards v. Ala. Dep't. of Corr.*, 81 F.Supp.2d 1242, 1254 (M.D. Ala. 2000). The Defendant is a corporation that provided medical services to the Plaintiff. The Plaintiff's claims against the Defendant concern duties that it was entrusted to perform on behalf of the state. As such, the Plaintiff's claims brought against the Defendants in its official capacity are barred. Even assuming that this Court concludes that the Defendant is not entitled to qualified immunity, the Plaintiff must still provide evidence that the Defendant acted or failed to act with deliberate indifference.

If it is deemed that the Plaintiff has brought his Eighth Amendment claims against the Defendant in its individual capacity, or that the defendant is not entitled to qualified immunity, the plaintiff still must allege and prove that he suffered from a serious medical need, and that he was treated with deliberate indifference. He must also show he suffered harm due to the deliberate indifference. See, *Marsh v. Butler County, Alabama*, 225 F.3d 12453, 1255 (11th Cir. 2000). *Hill*, 40 F.3d at 1186, 1191. "A defendant must *purposefully ignore or fail to respond* to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *Hill*, 40 F.3d at 1191 (emphasis in original). *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)(quoting *Estelle*, 429 U.S. at 107, 97 S.Ct. at 285). In fact, "when a prison inmate has received medical care, courts

hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989).

The Defendant has reviewed the medical records regarding the care the Plaintiff received during this time period and concluded that the Plaintiff received the appropriate medical treatment for his complaints. The Plaintiff's complaints were evaluated in a timely fashion. He was at all times referred to the appropriate medical care provider and given the appropriate care for his complaints. There is no evidence to support a contention that the Defendant purposefully ignored or failed to respond to the Plaintiff's medical needs. The Plaintiff simply cannot support a claim that the Defendant acted intentionally or recklessly with respect to his medical treatment.

This Defendant further moved this Court to dismiss this matter based on the Plaintiff's failure to plead with specificity that the Plaintiff has exhausted the administrative remedies of the facility as required by the Prison Litigation Reform Act.

The Defendant requests that this report be treated and denominated as a Motion for Summary Judgment. The Defendant has demonstrated through substantial evidence and appropriate precedent that there is no genuine issue of material fact relating to a constitutional violation and that they are entitled to a judgment as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden. The Defendant is therefore entitled to a judgment in its favor.

**s/H.C. Ireland, III**
H.C. Ireland, III
Bar Number: ASB-9915-D66H
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, Alabama 35242-3721
(205) 980-5000
(205) 980-5001 Fax
E-mail: phm@phm-law.com

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MARLON MARTIN, #225145,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-573-MHT |
| | ) |
| **PRISON HEALTH SERVICES, INC.,** | ) |
| | ) |
| Defendant, | ) |

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon the following by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed on this the 8th day of September, 2006.

Marlon Martin, #225145
P.O. Box #56
Elmore, Alabama 36025-0056

**s/H.C. Ireland, III**
H.C. Ireland, III
Bar Number: ASB-9915-D66H
PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, Alabama 35242-3721
(205) 980-5000
(205) 980-5001 Fax
E-mail: phm@phm-law.com